IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *    Criminal No. 23-cr-00070-JB |
| | * |
| CRAIG D. PERCIAVALLE | * |
| JOSEPH A. RUNKEL | * |
| WILLIAM O. ADAMS | * |

**UNITED STATES' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS THE INDICTMENT**

The United States of America, by and through Sean P. Costello, the United States Attorney for the Southern District of Alabama, and Lorinda I. Laryea, Acting Chief of the Fraud Section, Criminal Division, Department of Justice, files this notice of supplemental authority in support of its response in opposition to the defendants' first and second motions to dismiss the Indictment. [Doc. No. 129, 133.] The Supreme Court's recent ruling in *Kousisis v. United States*, No. 23-909, 2025 WL 1459593 (U.S. May 22, 2025), and the Eleventh Circuit's recent ruling in *United States v. Auguste*, No. 23-10741, 2025 WL 1249649 (11th Cir. Apr. 30, 2025), clarify the reach of *Ciminelli v. United States*, 598 U.S. 306 (2023), and demonstrate that the Indictment should not be dismissed.

In *Kousisis*, the Supreme Court affirmed the "fraudulent-inducement theory" of wire fraud and rejected an "economic-loss requirement," holding 9-0 that a defendant who induces a victim to enter into a transaction under materially false pretenses may be convicted of fraud even if the defendant did not seek to cause the victim economic loss. 2025 WL 1459593, at *5. "Under the fraudulent-inducement theory, a defendant commits federal fraud whenever he uses a material misstatement to trick a victim into a contract that requires handing over her money or property—regardless of whether the fraudster, who often provides something in return, seeks to cause the

1

victim a *net* pecuniary loss." *Id.* at *3. The Supreme Court found the theory "consistent with both the text of the wire fraud statute and [the Court's] precedent interpreting it." *Id.* at *5.

Here, the Indictment alleges that the defendants schemed to defraud Austal Limited investors and the investing public of "money or property" by tricking investors into parting with their money or property to purchase shares of Austal Limited at artificially inflated prices. [Doc No. 1 at ¶ 14; Doc. No. 131 at 7-12.] In other words, the Indictment alleges that the defendants fraudulently induced investors into purchasing Austal Limited shares. *Kousisis* confirms that this conduct is fraud. 2025 WL 1459593, at *5.

*Kousisis* also demonstrates that *Ciminelli* does not apply to the Indictment's allegations, which are premised on the fraudulent-inducement theory, not the "right-to-control" theory at issue in *Ciminelli*. The Supreme Court explained that "the fraudulent-inducement theory is not a 'repackag[ing]' of the right-to-control theory." 2025 WL 1459593, at *11. "Unlike the right-to-control theory," rejected in *Ciminelli*, "fraudulent inducement does not treat 'mere information as the protected interest.' Rather, it protects money and property." *Id.* In *Kousisis*, the Supreme Court joined the growing list of cases from lower courts that have rejected attempts to expand *Ciminelli* beyond the specific facts and theory of fraud analyzed in that case. *See, e.g.*, *United States v. Milton*, No. 21-CR-478-ER, 2023 WL 5609098, at *14 (S.D.N.Y. Aug. 30, 2023); *United States v. Tournant*, No. 22-CR-276-LTS, 2023 WL 8649893, at *1 (S.D.N.Y. Dec. 13, 2023); *Baker v. United States*, No. 1:13-CR-346-DAE, 2023 WL 8234212, (W.D. Tex. Nov. 27, 2023).[1] This Court should similarly decline the defendants' invitation to expand *Ciminelli* and deny their

---

[1] Moreover, to the extent that the defendants' first motion to dismiss relies on the Eleventh Circuit's opinion in *United States v. Takhalov*, 827 F.3d 1307 (2016), that opinion was abrogated by *Kousisis*. *See* 2025 WL 1459593, at *4; [Doc. No. 129 at 15, 19, 20]. In *Kousisis*, the Supreme Court explained it was resolving a circuit split "over the validity of a federal fraud conviction when the defendant did not seek to cause the victim net pecuniary loss." 2025 WL 1459593, at *4. The Court cited *Takhalov*, 827 F.3d at 1312–14, as an opinion on the wrong side of the circuit split. *Id.* Thus, *Kousisis* undermines the defendants' significant reliance on *Takhalov* as well.

first motion to dismiss.[2]

In addition to *Kousisis*, a recent Eleventh Circuit opinion explicitly rejected similar arguments to those advanced by the defendants in their motion to dismiss. *See United States v. Auguste*, No. 24-10741, 2025 WL 1249649, at *3–7 (11th Cir. Apr. 30, 2025). First, the Eleventh Circuit rejected Auguste's argument that "the government necessarily relied on the right to control theory of wire fraud" because the indictment "alleged that [the defendant] and her co-conspirators deprived the health care employers of knowledge of the fact that the co-conspirator nurses had false credentials." *Id.* at *4. The Eleventh Circuit found the argument that "any time the government alleges that a defendant hid information from a defrauded party, the government alleges a 'right to control' theory" was "untenable." *Id.* at *5. Specifically:

> [W]e have explained that "[a] scheme to defraud requires proof of a material misrepresentation, or the omission or concealment of a material fact calculated to deceive another out of money or property." *United States v. Estepa*, 998 F.3d 898, 908 (11th Cir. 2021) (quotation omitted). In other words, to be convicted of wire fraud, a defendant must hide *some* information from the fraud's victim. To say, as Auguste does, that an allegation that a defendant hid information from a fraud victim converts the government's case into an impermissible "right to control" case would render all wire fraud prosecutions invalid. The Supreme Court in *Ciminelli* did not mandate such a result.

*Id.* In *Auguste*, "the government identified the co-conspirators' wages and benefits as the 'property at issue,'" and the Eleventh Circuit thus concluded that the defendant's "argument that this case is like *Ciminelli* [wa]s unfounded." *Id.* Here, the government has identified Austal Limited investors' purchase of Austal Limited shares as the money or property at issue. This Court should similarly conclude that the defendants' argument that this case is like *Ciminelli* is unfounded.

---

[2] The defendants have stated that *Kousisis* is also relevant to their second motion to dismiss. [Doc. No. 165.] To the extent that *Kousisis* is relevant to the defendants' second motion to dismiss, the Supreme Court's opinion cautions against expanding *Ciminelli* to theories of fraud other than the right-to-control theory. Yet, the defendants' second motion to dismiss seeks to apply the Supreme Court's decision in *Kelly* not just to a different theory of fraud, but to a completely different statute that sets forth the applicable statute of limitations. *Kousisis* cautions against such a strained reading, and the defendants' second motion to dismiss should also be denied.

The Eleventh Circuit also rejected Auguste's arguments that the wages and benefits paid by the health care employers to the co-conspirator nurses were incidental to, and not the objects of, the defendant's scheme and that "because she did not directly receive the fraud victims' money or property, the wire fraud statute d[id] not criminalize her otherwise material participation in the larger scheme to defraud."  *Id.* at *7.  In rejecting the latter argument, the Eleventh Circuit noted that "[r]eceiving a financial benefit from a scheme to defraud is not an element of wire fraud."  *Id.* (citing *United States v. Williams*, 527 F.3d 1235, 1245 (11th Cir. 2008)).

The Supreme Court's 9-0 opinion in *Kousisis* and the Eleventh Circuit's opinion in *Auguste* undermine the defendants' first and second motions to dismiss the Indictment.  [Doc. No. 129, 133.]  This Court should deny the defendants' motions to dismiss, and the case should proceed to trial.

Respectfully submitted this 3rd day of June 2025.


SEAN P. COSTELLO  
UNITED STATES ATTORNEY

LORINDA I. LARYEA  
ACTING CHIEF, FRAUD SECTION


By: /s/ *Christopher J. Bodnar*  
Christopher J. Bodnar  
Assistant United States Attorney  
United States Attorney's Office for the  
Southern District of Alabama  
60 South Royal Street, Suite 600  
Mobile, Alabama 36602

By: /s/ *Laura Connelly*  
Laura Connelly, Acting Assistant Chief  
Robert Spencer Ryan, Trial Attorney  
Criminal Division, Fraud Section  
1400 New York Avenue NW  
Washington, D.C. 20005  
Telephone: (202) 514-2000  
Facsimile: (202) 514-0142